**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**



## SUPREME COURT OF GEORGIA
Case No. S24A0131

June 27, 2024

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

CHRISTOPHER MASSEY v. THE STATE.

Upon consideration, the Court has revised the deadline for motions for reconsideration in this matter. It is ordered that a motion for reconsideration, if any, including motions submitted via the Court's electronic filing system, must be **received in the Clerk's Office by 12:00 p.m. on Friday, July 5, 2024**.

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk

# SUPREME COURT OF GEORGIA
Case No. S24A0131

June 27, 2024

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

CHRISTOPHER MASSEY v. THE STATE.

The trial court's order is vacated and the case remanded to the trial court for reconsideration in the light of *United States v. Rahimi*, 602 U.S. ____ (2024).

*All the Justices concur, except Ellington, McMillian, LaGrua, and Colvin, JJ., who dissent.*

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk

2

LaGrua, Justice, dissenting.

While I respect my colleagues' decision, I must respectfully dissent. This appeal asks a critical question: whether the Second Amendment to the United States Constitution permits a State to prohibit someone who has committed a violent felony from possessing firearms during the pendency of a first-offender sentence. See OCGA § 16-11-131 (b). We are remanding this case back to the trial court to consider the United States Supreme Court's recent decision in *United States v. Rahimi*, 602 U.S ___ (___ SCt ____, ___ LE2d ___) (No. 22-915) (June 21, 2024). But I do not believe that *Rahimi* gives any better guidance in this case than the Supreme Court's previous Second Amendment decisions in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (142 SCt 2111, 213 LE2d 387) (2022) and *D.C. v. Heller*, 554 U.S. 570 (128 SCt 2783, 171 LE2d 637) (2008). The trial court relied on both cases in its order denying Appellant's demurrer as well as on this Court's opinion in *Spencer v. State*, 286 Ga. 483, 484 (5) (689 SE2d 823) (2010) (holding that prohibiting a defendant from possessing a firearm as a

condition of probation does not violate the Second Amendment and citing *Heller*'s declaration that "'longstanding prohibitions on the possession of firearms by felons' are not in doubt." (citing *Heller*, 554 U.S. at 626 (III)). Looking to the facts of this case, I find that *Rahimi* would not undercut the trial court's order. Rather, *Rahimi* likely supports the idea that the legislature may disarm those who have committed violent crimes like Appellant. See *Rahimi* 603 U.S. at ___ (II) (B) (3) ("the surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed."); id. at ____ (repeating *Heller*'s declaration that felon-in-possession is "presumptively lawful"); id. at ___ ("we do not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse"); id. at ___ (Barrett, J., concurring) (citing her dissent in *Kanter v. Barr*, 919 F3d 437, 451 (7th Cir. 2019), where she explained that "[h]istory is consistent

4

with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns.").

The United States Supreme Court has cautioned that vacating and remanding a case without issuing an opinion is inappropriate when the "delay and further cost entailed in a remand are not justified by the potential benefits of further consideration by the lower court." *Lawrence on Behalf of Lawrence v. Chater*, 516 U.S. 163, 168 (116 SCt 604, 133 LE2d 545) (1996) (per curiam). And I am concerned that the benefits of remanding this case are far outweighed by the delay and costs. More guidance from the Supreme Court may be forthcoming, but the governing law as it stands now is sufficient to address Appellant's claim and (in my opinion) affirm the trial court's order. For these reasons, I respectfully dissent.

I am authorized to state that Justice Ellington, Justice McMillian, and Justice Colvin join in this dissent.